UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB S. SILVERMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DENNIS GAGNON, et al.,<br><br>　　　　Defendants. | Case No. 18-07621 BLF (PR)<br><br>**ORDER LIFTING STAY AND GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND; GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Docket Nos. 16, 19, 20) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against officers of the Humboldt County Sheriff Department ("HCSD"). On May 10, 2019, the Court found the complaint, liberally construed, stated a cognizable claim under the Fourth amendment for an unlawful traffic stop and ordered the matter served on Defendants Deputy Dennis Gagnon and Sgt. Jesse Taylor at HCSD. (Docket No. 7.) Defendants filed a motion to dismiss the complaint as time-barred and for failure to state a claim. (Docket No. 16, hereinafter "Mot.") On July 23, 2019, the Court granted Plaintiff leave to file an amendment to attempt to state sufficient facts to state a Fourth Amendment excessive force claim, and Defendants' motion was stayed. (Docket No. 18.)

Before he received the court order, Plaintiff filed a motion for leave to file a first

amended complaint to overcome the pleading deficiencies alleged by Defendants. (Docket No. 19.) A few days later, Plaintiff filed a motion "to pause or vacate" the July 23, 2019 court order "to instead permit and grant Plaintiff to process an amended complaint." (Docket No. 20.) Defendants have filed no opposition to either of Plaintiff's motions.

For the reasons discussed below, the Court hereby lifts the stay on Defendants' motion to dismiss and GRANTS it with leave to amend.

## DISCUSSION

### A. Motion to Dismiss

Failure to state a claim upon which relief can be granted is grounds for dismissal under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the

2

elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**B.   Analysis**

Defendants move for dismissal on the grounds that the lawsuit is time-barred and for failure to plead sufficient facts to support a claim for relief for an unlawful traffic stop. (Mot. at 4-5.) Rather than file an opposition, Plaintiff filed a motion for leave to amend. (Docket Nos. 19.) The Court construes Plaintiff's response as a concession that the factual allegations in the complaint are insufficient to state a claim, and that he desires an opportunity to cure the deficiencies in an amended complaint.

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id*. (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (internal citations and quotes omitted).

The Court finds good cause for granting Plaintiff an opportunity to file a first amended complaint because his motion for leave to amend offers sufficient facts which, if alleged in an amended complaint, could be sufficient to overcome the deficiencies alleged in Defendants' motion to dismiss. For example, Defendants assert that the complaint does not allege facts stating that Defendant Gagnon lacked probable cause. (Docket No. 16 at 6.) In his response, Plaintiff alleges that during the preliminary hearing when asked the

question, "Were you sirening [*sic*] to stop and issue a ticket for this vehicle or to go investigate if there was a violation requiring a ticket or citation?", Defendant Gagnon's response was: "I hadn't – when I initially pulled the vehicle over, I hadn't made up that determination." (Docket No. 19 at 2.) Liberally construed, this allegation indicates that Defendant Gagnon had no reasonable suspicion to justify the initial traffic stop. Furthermore, Defendants have filed no opposition to Plaintiff's motion for leave to amend. Accordingly, the Court finds good cause to grant Plaintiff an opportunity to file an amended complaint to correct the deficiencies in the complaint.

With respect to timeliness, Defendants argue that the matter is time-barred because Plaintiff filed the action after the two-year period for personal injury claims had expired. (Docket No. 16 at 4-5.) However, the Court notes that Plaintiff could have become aware of the factual basis of this claim no earlier than the preliminary hearing when Defendant Gagnon's testimony was elicited, which may alter the date when this claim accrued such that it is not time-barred. Because this argument has not been fully briefed, the Court will not grant the motion to dismiss on the grounds of timeliness.

In conclusion, Plaintiff has already been granted an opportunity to file an amendment to state a Fourth Amendment excessive force claim. (Docket No. 18.) Permitting him to file an amended complaint to set forth all the claims in a single pleading would be efficient and would simplify briefing in this matter. Furthermore, Defendants do not oppose Plaintiff's motion for leave to amend. Accordingly, Defendants' motion to dismiss is GRANTED but with leave to amend. (Docket No. 16.) Plaintiff's motion for leave to file a first amended complaint is GRANTED. (Docket No. 19.) Plaintiff's motion to vacate the Court's July 23, 2019 order is DENIED. (Docket No. 20.)

## CONCLUSION

For the reasons discussed above, the Court orders as follows:

1. Defendants' motion to dismiss is **GRANTED** for failure to state sufficient

4

facts to support a claim for relief. (Docket No. 16.) The dismissal is with leave to amend. Accordingly, Plaintiff's motion for leave to file a first amended complaint is **GRANTED**. (Docket No. 19.) Plaintiff's motion to vacate the last court order is DENIED as moot. (Docket No. 20.)

2. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a first amended complaint **using the court's form complaint** to state sufficient facts to state Fourth Amendment claims for unlawful detention and excessive force. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-07621 BLF (PR), and the words "FIRST AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form complaint in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

This order terminates Docket Nos. 16, 19, and 20.

**IT IS SO ORDERED.**

Dated: August 26, 2019

BETH LABSON FREEMAN
United States District Judge

Order Granting MTD; Granting LTA
PRO-SE\BLF\CR.18\07621Silverman_grant-mtd.wlta

5