UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB S. SILVERMAN,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS GAGNON, et al.,<br><br>Defendants. | Case No. 18-07621 BLF (PR)<br><br>**ORDER SCREENING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(Docket No. 25) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against officers of the Humboldt County Sheriff Department ("HCSD"). On May 10, 2019, the Court found the complaint, liberally construed, stated a cognizable claim under the Fourth amendment for an unlawful traffic stop and ordered the matter served on Defendants Deputy Dennis Gagnon and Sgt. Jesse Taylor at HCSD. Dkt. No. 7. The Court granted Defendants' motion to dismiss the complaint but with leave to amend for Plaintiff to attempt to correct the deficiencies in the complaint and to allege new claims. Dkt. No. 21. Plaintiff filed a first amended complaint. Dkt. No. 24, hereinafter "Am. Compl." Before the Court could conduct an initial screening, Defendants filed a motion to dismiss the amended complaint as time-barred and for failure to state a claim for

relief. Dkt. No. 25, hereinafter "Mot." Defendants also assert that newly named Defendants in the amended complaint should be dismissed for failure to comply with Rule 15 and this Court's August 26, 2019 order. *Id.* Plaintiff filed opposition, Dkt. No. 26, and Defendants filed a reply, Dkt. No. 29.[1]

For the reasons discussed below and based on an initial screening, the claims against newly named Defendants and Humboldt County are **DISMISSED** and Defendants' motion to dismiss based on untimeliness is **GRANTED**.

## DISCUSSION

### I. Screening Pursuant to § 1915A(a)

#### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

---

[1] Plaintiff filed a sur-reply to Defendants' reply. Dkt. No. 31. In the order of service, the Court stated that any dispositive motion filed by Defendants would be deemed submitted as of the date the reply brief is due. Dkt. No. 7 at 6. Nor did Plaintiff obtain court approval prior to filing the additional papers as required under the Northern District's Local Rule 7-3(d). Accordingly, the sur-reply shall not be considered.

2

### B. Plaintiff's Claims

Plaintiff was a passenger in a vehicle which he claims was subjected to a traffic stop that was "unlawful and did not rest on a reasonable suspicion a violation occurred and did not support a suspicion the vehicle or occupants were engaged in criminal activity." Am. Compl. at 4. Plaintiff claims Deputy Dennis Gagnon stated at the preliminary hearing that he "pulled the vehicle over to investigate a violation of VC26708(a)(2)," which prohibits window tinting on motor vehicles, but that he never issued a ticket for the tinted window. *Id.* at 4-5. Plaintiff claims that Defendant Gagnon then prolonged the detention, violating the Fourth Amendment, when he proceeded to question the passenger as well. *Id.* at 5. As he approached the passenger's side where Plaintiff was seated, Defendant Gagnon stated, "Let me see your hands," to which Plaintiff immediately complied. *Id.* at 6. Plaintiff states that in his haste to remove his left hand from his left front pocket to comply, he dislodged money from the pocket; he still managed to keep his hands and arms raised. *Id.* Plaintiff claims that once he believed Defendant Gagnon had completed his observation, he reached down to retrieve the dislodged money which had fallen between his left pocket and the seat-belt holster. *Id.* At that point, Defendant Gagnon "aggressively withdrew/drew and pointed his gun at/into plaintiff's face from within 2-4 feet saying, 'Keep your hands up' and 'I'll shoot.'" *Id.* Plaintiff complied. *Id.* As Defendant asked him his full name, Plaintiff began to experience a "mini-mal seizure," of which he has a medical history. *Id.* Plaintiff states that when he "stalled," Defendant Gagnon then opened the car door at gunpoint and seized Plaintiff by his forearm. *Id.* Plaintiff claims he complied and tried to move "as he felt his life was at extreme risk"; he was placed facing the car, told to place his hands behind his back, and was handcuffed. *Id.* Plaintiff claims Defendant did not perform a pat-down but began an "invasive pocket search," pulling out cellphones, paper, and money. *Id.* After completing the pocket search, Plaintiff claims Defendant Gagnon yanked on Plaintiff's "hairpiece/wig pulling it off plaintiff's head." *Id.*

With respect to Defendant Sgt. Jesse Taylor, Plaintiff claims he arrived prior to

3

Defendant Gagnon drawing his gun and had been standing at the driver's side with a clear view of Plaintiff's left side. *Id.* at 7. Plaintiff claims Defendant Taylor did not draw his weapon or give any verbal orders to anyone, which he asserts indicates that Defendant Gagnon's conduct was unreasonable. *Id.* Plaintiff asserts that if Defendant Gagnon had been worried about Plaintiff accessing a gun/weapon, then he would have alerted Defendant Taylor to that fact and they would have secured the driver and performed a search of Plaintiff's seated area, which they did not. *Id.* Plaintiff claims Defendant Gagnon committed excessive force which was unjustified under the circumstances, and Defendant Taylor failed in his duty to protect to quell Defendant Gagnon's unreasonable actions. *Id.* at 8.

Plaintiff names as new Defendants Judge Marilyn Miles, Judge Dale Reinholtsen, and Judge John Feeney and claims their decisions in the underlying criminal proceedings were incorrect applications of state law. *Id.* at 9-10. Lastly, Plaintiff claims Humboldt County is liable "for the abuse of the judiciary to unlawfully not honor instructive case law/stare decisis quoted to each judge at each hearing." *Id.* at 10. Plaintiff seeks damages, and a "formal declaratory relief and reprimanding, and arrest" against the judges and Defendant Gagnon. *Id.* at 3.

Liberally construed, Plaintiff's allegations state the following cognizable claims under the Fourth Amendment: (1) claims against Defendant Gagnon for excessive force, *see Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989), and unlawful search and detention, *see Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995); *Franklin v. Foxworth*, 31 F.3d 873, 875 (9th Cir. 1994); and (2) against Defendant Taylor for failure to intercede, *see Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir. 2000). However, the claims against newly named Defendants and Humboldt County must be dismissed as explained below.

///

4

### 1. **Judicial Immunity**

Plaintiff's action for damages against the three state judges newly named in this action must be dismissed because state judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and to (2) the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Here, Plaintiff is challenging the judges' respective decisions in the subsequent criminal proceedings following his arrest. Am. Compl. at 9-10. These decisions were clearly part of the nature and function of their roles as judges and Plaintiff was dealing with the judges in their judicial capacity. It matters not that their decisions may have been erroneous, as Plaintiff alleges. As long as the judge has jurisdiction to perform the "general act" in question, he or she is immune however erroneous the act may have been, however injurious the consequences of the act may have been, and irrespective of the judge's claimed motivation. *See Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000). Accordingly, this suit for damages against Defendants Judges Miles, Reinholtsen, and Feeney for actions performed in their judicial capacity is DISMISSED as barred by judicial immunity.

### 2. **Monell Claim**

Plaintiff claims Humboldt County ("County") is liable "for the abuse of the judiciary to unlawfully not honor instructive case law/stare decisis quoted to each judge at each hearing." Am. Compl. at 10. Liberally construed, Plaintiff may be attempting to state a claim against the County under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), for the unconstitutional acts of its employees. However, state superior court judges

are not employees of the County but rather elected state constitutional officers, and the Superior Court in which they serve is a State agency, not a County entity. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir.1987) ("The official name of the court is the Superior Court of the State of California; its geographical location within any particular county cannot change the fact that the court derives its power from the State and is ultimately regulated by the State.") Accordingly, there is no basis for asserting a *Monell* claim against the County for the acts of state constitutional officers.

## II. Motion to Dismiss

### A. Standard of Review

Failure to state a claim upon which relief can be granted is grounds for dismissal under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the

6

elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *See id.* at 689 (discussing Fed. R. Evid. 201(b)). Thus, the two exceptions to the prohibition of considering material outside the pleadings when assessing the sufficiency of the complaint are the incorporation by reference and judicial notice doctrines. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018).

Defendants move for dismissal on the grounds that the claims for excessive force, unlawful search, and unlawful detention are time-barred and for failure to plead sufficient facts to support a claim for relief, as well as dismissal of newly named defendants. (Mot. at 2.) They request judicial notice of the preliminary examination of Defendants Gagnon and Taylor in the underlying criminal proceedings. Dkt. No. 25-1, hereinafter "RJN." The request is GRANTED. *See Lee*, 250 F.3d at 689.

In its initial review, the Court dismissed the claims against newly named defendants and the County as discussed above. *See supra* at 4-5. Accordingly, the Court need only review Defendants' arguments with respect to the Fourth Amendment claims against Defendants Gagnon and Taylor.

**B.    Timeliness**

Section 1983 does not contain its own limitations period. The appropriate period is

that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377-78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *see also Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002).

California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). However, tolling is available only to convicted persons incarcerated in a prison, and not to pretrial detainees. *See Austin v. Medicis*, 21 Cal. App. 5th 577, 589-97 (2018) (concluding that persons in pretrial custody are not "imprisoned on a criminal charge," and so not entitled to tolling), *reh'g denied* (Apr. 11, 2018), *review denied* (June 13, 2018). Here, the underlying incident involves an arrest subsequent to a traffic stop. Plaintiff was a pretrial detainee at the time he filed this action, and not imprisoned on a criminal charge. Therefore, he is not entitled to tolling under § 352.1(a). *Id.*

It is federal law that determines when a cause of action accrues, and the statute of limitations begins to run in a § 1983 action. *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019) (though federal courts often refer to common law tort principles when deciding questions of accrual, such principles are meant to guide rather than control the definition of

8

§ 1983 claims); *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92; *Elliott*, 25 F.3d at 802. "The discovery rule requires the plaintiff to be diligent in discovering the critical facts of the case." *Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) (per curiam). "A cause of action accrues 'even if the full extent of the injury is not then known.'" *Gregg v. State of Hawaii DPS*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Wallace*, 549 U.S. at 39)). Accrual starts when the plaintiff can know that the injury was caused by defendants' actions. *Id.* at 889 (finding accrual when plaintiff knew, or could know through reasonable diligence, that her emotional discomfort was caused by defendant's improper conduct in therapy).

Defendants state that the underlying incident happened on August 26, 2016. Mot. at 3. Plaintiff does not dispute this fact in opposition. Dkt. No. 26. Furthermore, Defendants assert in reply that at the earliest this action was filed on November 5, 2018, which is still more than two years after the August 26, 2016 incident. Dkt. No. 29 at 2. Defendants also assert that Plaintiff knew or had reason to know of the facts giving rise to his claims on the date of the incident. *Id.* at 9-10. In the amended complaint, Plaintiff cites to Defendant Gagnon's testimony at the preliminary hearing to support his allegation that Defendant had no intention of issuing a ticket for the traffic offense that initiated the stop, i.e., the window tint, and therefore lacked probable cause, and that he unlawfully prolonged the detention. Am. Compl. at 5. The Court inferred from this allegation that Plaintiff may not have known about the facts giving rise to an unlawful detention claim until the preliminary hearing. Dkt. No. 21 at 4. However, Defendants assert in their motion that it matters not whether Defendant Gagnon actually issued a ticket for the traffic offense. Mot. at 10. Defendants point out that Defendant Gagnon specifically testified that he pulled the vehicle over to investigate a tinted window violation, which is also quoted by Plaintiff.

9

*Id.*, citing RJN, ¶ 2, Ex. A at 7:27-10:4; *see supra* at 2. In opposition, Plaintiff makes no argument to dispute the untimeliness of this action. Dkt. No. 26. Rather, he relies on what the preliminary hearing allegedly reveals about Defendant Gagnon's intent and lack of reasonable suspicion during the incident. *Id.* at 5-9. But for the purposes of accrual, it only matters when plaintiff knew or *had reason to know* of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92 (emphasis added). Based on his allegations, Plaintiff knew or had reason to know at the time of the incident that Defendant Gagnon used excessive force and that there was no basis for the traffic stop, especially if he knew the windows were in fact not tinted, and that it was unnecessarily prolonged because Plaintiff did not believe that Defendant Gagnon had any valid reason to speak to him. For the same reason, Plaintiff knew or had reason to know at the time that any subsequent search was unreasonable. Therefore, the cause of action for his Fourth Amendment claims accrued on August 26, 2016, such that Plaintiff had until August 26, 2018, to file a timely action. *See, e.g., Belanus*, 796 F.3d at 1026 (cause of action for illegal search and seizure accrues when the wrongful act occurs, even if person does not know at that time the search was warrantless). He did not file this action until months later, i.e., November 5, 2018. Accordingly, all the Fourth Amendment claims based on the August 26, 2016 incident, i.e., excessive force, unlawful search and detention, and failure to intercede, must be dismissed as untimely.[2]

## CONCLUSION

For the reasons discussed above, the Court orders as follows:

Based on an initial review, Plaintiff's damage claims against Defendants Judge Marilyn Miles, Judge Dale Reinholtsen, and Judge John Feeney are **DISMISSED** as

---

[2] Because all the Fourth Amendment claims are untimely, the Court need not address Defendants' alternative argument for dismissal based on failure to state a claim for relief. Dkt. No. 25 at 12-14.

10

barred by judicial immunity. 28 U.S.C. § 1915A(b)(1),(2). Plaintiff's claim against Humboldt County is also DISMISSED for failure to state a claim.

Defendants' motion to dismiss as untimely the Fourth Amendment claims for excessive force, unlawful search and detention, and failure to intercede is **GRANTED.** Cal. Civ. Proc. Code § 335.1. All the Fourth Amendment claims against Defendants Dennis Gagnon and Jesse Taylor are **DISMISSED** with prejudice.

All claims and defendants have been dismissed from this action. The Clerk shall enter judgment accordingly and close the file.

This order terminates Docket No. 25.

**IT IS SO ORDERED**

Dated: _March 30, 2020_

BETH LABSON FREEMAN
United States District Judge

Order Screening Am. Compl; Granting MTD
PRO-SE\BLF\CR.18\07621Silverman_screen.am.compl&grant-mtd

11